UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FERIT BURUSA, individually and as parent and guardian of M.B., a minor,<br><br>Plaintiff,<br><br>v.<br><br>HARVEY WILSON, individually and d/b/a THE THRILL ZONE, LLC,<br><br>Defendant. | Case No. 3:24-cv-00320<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

Plaintiff Ferit Burusa has filed a motion for leave to amend his complaint (Doc. No. 15) and a proposed amended complaint (Doc. No. 15-1) in this personal injury action that originated in state court (Doc. Nos. 1, 1-1). Defendants Harvey Wilson and The Thrill Zone, LLC (collectively, Wilson), oppose Burusa's motion for leave to amend. (Doc. No. 19.) For the reasons that follow, Burusa's motion will be granted.

**I.     Relevant Background**

Burusa alleges that his minor son M.B. was injured while riding Wilson's mechanical bull attraction at the Wilson County Fair in Lebanon, Tennessee, on August 23, 2022.[1] (Doc. No. 1-1.) Burusa initiated this action on August 18, 2023, by filing a complaint in the Wilson County Circuit Court asserting negligence claims on behalf of himself and M.B. against Wilson and his business The Thrill Zone, LLC. (*Id.*) Burusa's complaint seeks compensatory and punitive damages. (*Id.*)

---

[1]     Counsel are reminded of Federal Rule of Civil Procedure 5.2(a)(3)'s requirement to refer to all minors named in filings by their initials.

Wilson removed the action to this Court on March 19, 2024 (Doc. No. 1), and, on April 9, 2024, Wilson filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted.[2] (Doc. No. 9.) Burusa filed a response in opposition to Wilson's motion to dismiss on April 29, 2024. (Doc. No. 11.) Wilson filed a "response" one week later arguing, among other things, that Burusa's response was untimely under this Court's Local Rules. (Doc. No. 12, PageID# 55.) On the same day, Burusa filed a "motion for relief under FRCP 6(b)(1)(B)" asking that his "Response in Opposition to [Wilson's] Rule 12 Motion to Dismiss be deemed timely filed" and that the Court allow Burusa "to file a further supplemental response" in opposition to Wilson's motion to dismiss. (Doc. No. 13, PageID# 64.)

On May 15, 2024, Burusa filed a motion for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) (Doc. No. 15) and attached a proposed amended complaint (Doc. No. 15-1). Burusa states that he "seeks to amend his [c]omplaint to add more specificity about his claims against the Defendants for negligence and gross negligence and those actions of the Defendant that rise to such claims." (Doc. No. 15, PageID# 69.) The proposed amended complaint incorporates additional allegations in support of Burusa and M.B.'s original claims. (Doc. No. 15-1.) Wilson opposes Burusa's motion, arguing that it is "untimely and improper" and that "the proposed amendment itself is futile for the very same reasons [Wilson] set forth already in [his] pending Motion to Dismiss . . . ." (Doc. No. 19, PageID# 98.) Burusa did not file an optional reply in support of his motion for leave to amend.

---

[2] On the same day that Wilson filed his motion to dismiss, he also filed an answer to Burusa's complaint. (Doc. No. 10.)

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

## III. Analysis

Wilson has not cited any authority in support of his argument that Burusa's motion for leave to amend is untimely, and the deadline for filing "[a]ny motions to amend or to add parties" under the initial case management order in this action is July 22, 2024. (Doc. No. 17, PageID# 87.) Wilson's only remaining argument in opposition to granting Burusa leave to amend is that "the

3

proposed amendment itself is futile for the very same reasons . . . set forth already in the[ ] pending [m]otion to [d]ismiss . . . ." (Doc. No. 19, PageID# 98.)

Courts in this circuit recognize that, because futility arguments in the context of a motion to amend are functionally dispositive, they present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is particularly true where, as here, the parties have raised the same legal issues in a dispositive motion that is concurrently pending before the District Judge. Under these circumstances, at least where the proposed amended "claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

Wilson's arguments in favor of dismissal and in opposition to the proposed second amended complaint turn on whether Burusa has alleged sufficient facts to state plausible claims against him. The Court finds that Wilson will not be unduly prejudiced by allowing the amended pleading and that there are no other apparent reasons to deny leave to amend under Rule 15(a)(2). Further, allowing Wilson's substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural postures.

## IV. Conclusion

For these reasons, Burusa's motion for leave to amend the complaint (Doc. No. 15) is GRANTED. The Clerk of Court is DIRECTED to enter the first amended complaint (Doc. No. 15-1) as a separate docket entry.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge